# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 1:21-cr-22 |
| ) | |
| Plaintiff, ) | Judge J. Philip Calabrese |
| ) | |
| v. ) | |
| ) | |
| VICTOR MANUEL OCASIO ) | |
| FLORES, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## OPINION AND ORDER

Victor Manuel Ocasio Flores pled guilty to (1) conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 (Count One); (2) one violation of federal drug laws in 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Two); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three).  On September 8, 2022, the Court sentenced Mr. Flores to 120 months in prison on Counts One through Three, to run concurrently, and to eight years of supervised release on Count One and three years on Counts 2 and 3, also to run concurrently with Count One.  This sentence was based on a total offense level of 23 and criminal history category of III—which yielded an advisory guideline range of 57 to 71 months, but Count One required a 120-month mandatory minimum sentence—and the factors set forth in 18 U.S.C. § 3553(a).

Pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 821 to the United States Sentencing Guidelines, Mr. Flores filed a *pro se* motion for a reduction in his sentence.

(ECF No. 43.) Appointed counsel declined to file a supplement. (ECF No. 44.) On February 22, 2024, the Government opposed the motion. (ECF No. 45.)

The Court employs a two-step approach to deciding whether to reduce a sentence based on a retroactive amendment to the Sentencing Guidelines. First, the Court must consider the scope of the reduction authorized by the amendment, and then it must consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3582(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Mr. Flores seeks a reduction in sentence, arguing that he "factually qualif[ies] for the reduction" based on the "new 4A1.1 (e) guideline that provides a decrease of two offense levels for 6 or less 'status points' whose offense did not involve specific aggravating factors." (ECF No. 43, PageID #172–73.) Effective November 1, 2023, the Amendment has retroactive effect, provided that any order reducing a term of imprisonment based on retroactive application of Amendment 821 have an effective date of February 1, 2024, or later. *See* U.S.S.G. § 1B1.10(d) & (e)(2).

Prior to Amendment 821, §4A1.1(e)—previously designated as subsection (d)—included a two-point enhancement any time "the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status," but now only provides for a one-point enhancement if the defendant also "receives 7 or more points under subsections (a) through (d) . . . ." U.S.S.G. app. C, amend. 821 (2023); U.S.S.G. §4A1.1(e). But Mr. Flores did *not* receive any status points under this section as part of the calculation of his Guideline range. Instead, the Presentence Report shows a base offense level of 24, with a two-point enhancement for firearm possession under

2

Section 2D1.1(b), *not* Section 4A1.1(e), and a three-point reduction for acceptance of responsibility. (ECF No. 35, PageID #116–17.)

Because Amendment 821 does not affect the two-point enhancement applied in this case under Section 2D1.1(b), the Court **DENIES** Mr. Flores' motion to reduce his sentence.

**SO ORDERED.**

Dated: February 22, 2024

_____
J. Philip Calabrese
United States District Judge
Northern District of Ohio

3